UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------
AVROHOM BLUMING
on behalf of himself and
all other similarly situated consumers

                                 Plaintiff,

          -against-


ENHANCED RECOVERY COMPANY, LLC

                             Defendant.

-----------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Avrohom Bluming seeks redress for the illegal practices of Enhanced Recovery Company, LLC, concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Jacksonville, Florida.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Avrohom Bluming*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about June 15, 2017, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. The said letter was the Defendant's initial communication with the Plaintiff.

12. The said letter stated in pertinent part as follows:

    "Send correspondence to: ERC, P.O. Box 57610, Jacksonville, FL 32241"

13. Said letter misrepresented the Plaintiff's right to dispute the debt, in violation of 15 U.S.C. §§ 1692e, 1692e(10) and 1692g.

14. Although Defendant's letter includes a telephone number, that number refers only to payments.

15. Defendant's statement would lead the least sophisticated consumer to assume that his option to dispute the debt, could only be in writing.

16. It is a violation of FDCPA to require disputes be made in writing.

17. It is a violation of the FDCPA to include language in a letter that overshadows the required 15 U.S.C. § 1692g statement.

18. It is a violation of the FDCPA to include language in the letter that contradicts the

required 15 U.S.C. § 1692g statement.

19. The least sophisticated consumer would assume from the above mentioned language, that he has no option to make an oral dispute.[1]

20. This language overshadowed and contradicted the validation notice stated above it in the letter, and was misleading, since it leaves the consumer debtor with the false notion that disputing an alleged debt requires a <u>written</u> communication to be sent to the above mentioned address.  The least sophisticated consumer would think that all disputes can only be done in writing.[2]

21. Said language can be reasonably read to have two or more different meanings, one of which is false.[3]

22. Defendant's June 15, 2017 letter violated 15 U.S.C. §§ 1692e, 1692e(10), and 1692g(a)(4) for failing to comply with the validation notice requirements, and in particular, for misrepresenting Plaintiff's right to dispute the debt.

23. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

---

[1] <u>Balke v. Alliance One Receivables Mgmt.</u>, No. 16-cv-5624(ADS)(AKT), 2017 U.S. Dist. LEXIS 94021, at *14 (E.D.N.Y. June 19, 2017). ("the Court finds that, although the Collection Letter did not explicitly state that the Plaintiff could only dispute the debt in writing, from the perspective of the least sophisticated consumer, the inclusion of a mailing address to which "all correspondence for this account should be mailed" introduces enough uncertainty regarding the permissible methods of disputing the debt to state a plausible claim for relief under the statute."), <u>Vetrano v. CBE Grp., Inc.</u>, 2016 WL 4083384 (E.D.N.Y. Aug. 1, 2016), <u>Hooks v. Forman, Holt, Eliades & Ravin, LLC</u>, 717 F.3d 282, 2013 U.S. App. LEXIS 10754, 2013 WL 2321409 (2d Cir. N.Y. 2013). (Requiring a consumer to dispute a debt in writing violates the FDCPA.), <u>Zengerle v. Dynia & Assocs.</u>, 2013 U.S. Dist. LEXIS 130873 (M.I. 2013). (Defendant points out that the letter does not expressly state that the consumer must provide a written statement to dispute the debt, but only that the consumer must "provide us with a statement." Viewing the language from the perspective of the least sophisticated consumer, however, "provide us with a statement" suggests that a writing is necessary and that the consumer may not orally dispute the debt.)

[2] See e.g., <u>Caprio v. Heathcare Revenue Recovery Group, LLC</u>, 709 F.3d 142, 151 (3d Cir. 2013). (letter stating "if you feel you do not owe this amount, please call us toll free" overshadowed notice; consumer may believe that a phone call was sufficient to trigger duty to verify debt), <u>Abramov v. I.C. Systems, Inc.</u>, _ F.Supp.3d_, 2014 WL 5147549 at *5 (E.D.N.Y Oct. 14, 2014). (Directing consumer to dispute debt "in writing" if identity theft is suspected may overshadow right to verbally dispute debt), <u>Oberther v. Midland Credit Management, Inc.</u>, _F.Supp.3d_, 2014 WL 4548871, at *6 (D. Mass. Sept. 15, 2014). (letter that gave only two options to stop referral of account to attorney – mail payment, or call to settle – without mentioning that submitting a dispute would also do so, overshadowed validation notice.)

[3] <u>Pipiles v. Credit Bureau of Lockport, Inc.</u>, 886 F.2d 22, 25 (2d Cir. 1989). (Because the collection notice was reasonably susceptible to an inaccurate reading, it was deceptive within the meaning of the Act.), <u>Clomon v. Jackson,</u> 988 F.2d 1314, 1319 (2d Cir. 1993). (Collection notices are deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate.), <u>Russell v. Equifax A.R.S.</u>, 74 F.3d 30, 34 (2d Cir. N.Y. 1996). (A collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate. The fact that the notice's terminology was vague or uncertain will not prevent it from being held deceptive under § 1692e(10) of the Act.)

24. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

25. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

26. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

27. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

28. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

29. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e of the Act.

30. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

31. As an actual and proximate result of the acts and omissions of the Defendant, Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which he should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

32. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through thirty one (31) as if set forth fully in this cause of action.

33. This cause of action is brought on behalf of Plaintiff and the members of a class.

34. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about June 15, 2017; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to Barclays Bank Delaware; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(10), and 1692g(a)(4) for failing to comply with the validation notice requirements, and in particular, for misrepresenting Plaintiff's right to dispute the debt.

35. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   A. Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

  C. The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

  D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

  E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

36. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

37. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

38. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

39. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

40. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

    A. Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

    B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

    C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
June 12, 2018

/s/ Adam J. Fishbein
Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

/s/ Adam J. Fishbein
Adam J. Fishbein (AF-9508)



| | | | |
|---|---|---|---|
| | | June 15, 2017 | |
| Creditor: | Barclays Bank Delaware | Original Creditor: | AAdvantage Aviator Red MasterCard |
| Product: | AAdvantage Aviator Red MasterCard | Original Balance: | $23,905.71 |
| Account Number: | XXXXXXXXXXXX0779 | Interest Accrued: | $0.00 |
| Amount of Debt: | $23,905.71 | Non-interest Charges & Fees: | $0.00 |
| Reference Number: | 38 | Payments: | -$0.00 |

## COLLECTION NOTICE

AVROHOM BLUMING

Our records indicate that your balance with Barclays Bank Delaware remains unpaid; therefore your account has been placed with ERC for collection efforts.

Upon receipt of your payment and clearance of funds in the amount of $23,905.71, your account will be considered paid in full and collection efforts will cease.

Unless you dispute the validity of the debt, or any portion thereof, within thirty (30) days after your receipt of this notice, the debt will be assumed to be valid by us.

 View statements, pay your balance, and manage your account online at www.payerc.com.

 Telephone: (800) 631-6702 Toll Free. All calls are recorded and may be monitored for training purposes.

 Send correspondence to: ERC, P.O. Box 57610, Jacksonville, FL 32241

 Office Hours (Eastern Time): Mon-Thurs: 8:00 am-11:00pm, Fri: 8:00 am-10:00 pm, Sat: 8:00 am-8:00 pm

**This communication is from a debt collector and is an attempt to collect a debt.
Any information obtained will be used for that purpose.**

**NOTICE - SEE REVERSE SIDE FOR IMPORTANT NOTICES AND CONSUMER RIGHTS**



Please do not send correspondence to this address.

P.O. BOX 1259, Dept 98696
Oaks, PA 19456



June 15, 2017

| Reference Number | Amount of Debt |
|---|---|
| 38 | $23,905.71 |

120704 - 648

ERC
P.O. Box 23870
Jacksonville, FL 32241-3870



AVROHOM BLUMING

### Federal Validation Notice:
Pursuant to 15 U.S.C./1692g (a), take notice that:

1. The amount of the claimed debt is the amount stated in the letter on the reverse side of this notice.

2. The name of the creditor to whom the debt is owed is in the letter on the reverse side of this notice.

3. Unless you dispute the validity of the debt, or any portion thereof, within thirty (30) days after your receipt of this notice, the debt will be assumed to be valid by us.

4. If you notify our office below in writing within (30) days of your receipt of this notice that the debt, or any portion thereof is disputed, we will obtain verification of the debt or a copy of any judgment that may be of record against you. We will mail the verification or copy of the judgment to you.

5. Upon your written request to this office within thirty (30) days of your receipt of this notice, we will provide you with the name and address of the original creditor, if different from the current creditor listed in the letter on the reverse side of this notice.

### Federal Notice:
This is a debt collector attempting to collect a debt. Any information obtained will be used for that purpose.

### New York City Residents:
New York City Department of Consumer Affairs License Number: 1394588.

### New York State Residents:
Debt collectors, in accordance with the Fair Debt Collection Practices Act, 15 U.S.C./1692 et seq., are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to:

a) the use or threat of violence
b) the use of obscene or profane language; and
c) repeated phone calls made with the intent to annoy, abuse, or harass.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt:

1) Supplemental security income, (SSI);

2) Social security;

3) Public assistance (welfare);

4) Spousal support, maintenance (alimony) or child support;

5) Unemployment benefits;

6) Disability benefits;

7) Workers' compensation benefits;

8) Public or private pensions;

9) Veterans' benefits;

10) Federal student loans, federal student grants, and federal work study funds; and

11) Ninety percent of your wages or salary earned in the last sixty days.

### Our Corporate Address is:
ERC, 8014 Bayberry Road, Jacksonville, FL 32256

We at ERC specialize in assisting persons in different financial situations. If additional assistance is needed, please contact us or visit our website.