UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
AVROHOM BLUMING,
On behalf of himself and all other similarly
situated consumers

                Plaintiff,

   -against-

ENHANCED RECOVERY COMPANY, LLC

               Defendants.
---------------------------------------------------x

**MEMORANDUM AND ORDER**

Case No. 1: 18-cv-3517 (FB)(RLM)

*Appearances:*
*For the Plaintiff*:
ADAM J. FISHBEIN, ESQ.
735 Central Ave
Woodmere, New York 10022

*For the Defendant*:
SMITH, GAMBRELLS & RUSSELL, LLP
SCOTT S. GALLAGHER, ESQ
50 North Laura Street, Suite 2600
Jacksonville, Florida 32202

**BLOCK, Senior District Judge:**

      Plaintiff Avrohom Bluming brings this action under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et* seq, against Enhanced Recovery Company, LLC. The defendant moves to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the defendant's motion is granted.

**I.**

      For purposes of this motion, the Court must take as true all the allegations of the complaint and must draw all inferences in plaintiff's favor. *See Weixel v. Board*

1

*of Educ.*, 287 F.3d 138, 145 (2d Cir. 2002). To survive a motion to dismiss, a complaint "does not need detailed factual allegations," but "a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The Court may also consider "documents attached to the complaint as an exhibit or incorporated in it by reference." *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993).

## II.

In the complaint, the plaintiff alleges that the defendant violated the FDCPA by sending a letter that misrepresented the plaintiff's right to dispute a debt. Plaintiff claims the letter required the dispute be made in writing. The plaintiff has not filed any opposition.

The FDCPA requires the debt collector to send a written notice to the consumer stating that the consumer has 30 days to dispute the validity of the debt before it will be assumed valid. 15 U.S.C. §1692g. It does not require that disputes be in writing. *See Hooks v. Forman, Holt, Eliades & Ravin, LLC*, 717 F.3d 282, 286 (2d Cir. 2013).

However, *Hooks* did not determine whether a letter that tracks the statue can be misleading. Notably, the Ninth Circuit has held, "[c]ollection notices that include the statute's verbatim language have been held not to be confusing." *Camacho v.*

*Bridgeport Financial, Inc.,* 430 F.3d 1078, 1082 (9th Cir. 2005). Subsequent to *Hooks* and *Camacho*, District Courts in this Circuit have also held that notices that track §1692g are not misleading. *See Thomas v. Midland Credit Mgmt., Inc.*, No. 17-cv-0523, 2017 WL 5714722, at *6 (E.D.N.Y. Nov. 27, 2017); *Kagan v. Selene Fin. L.P.*, 210 F. Supp. 3d 535, 543 (S.D.N.Y. 2016).

Here, the letter tracks §1692 nearly verbatim and contains no overshadowing or contradicting statements. *See Russell v. Equifax A.R.S.,* 74 F.3d 30, 34 (2d Cir. 1996) ("A notice is overshadowing or contradictory if it would make the least sophisticated consumer uncertain as to her rights" or is "reasonably susceptible to an inaccurate reading."). Therefore, it is not misleading. Additionally, the letter provides a telephone number to hear disputes. The Complaint alleges that the number "refers only to payments," but the letter contains no such limitation.

Because the letter is not misleading as to whether a dispute must be made in writing, the plaintiff cannot sustain claims under the FDCPA. Therefore, the defendant's motion to dismiss is granted.

**IT IS SO ORDERED.**

/S/ Frederic Block_____
FREDERIC BLOCK
Senior United States District Judge

October 3, 2019
Brooklyn, New York