*Bank of America Tower*
*50 N. Laura Street, Suite 2600*
*Jacksonville, Florida 32202*
*Main: 904 598-6100*
*www.sgrlaw.com*

# SMITH, GAMBRELL & RUSSELL, LLP

*Attorneys at Law*

*Scott S. Gallagher*
*Direct Tel: (904) 598-6111*
*Direct Fax: (904) 598-6211*
*sgallagher@sgrlaw.com*

October 18, 2019

VIA CM/ECF

Honorable Frederic Block, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    **Avrohom Bluming v. Enhanced Recovery Company, LLC**
            Civ. Case No.: 1:18-cv-03517(FB)(RLM)

Dear Judge Block:

    We represent the defendant, Enhanced Recovery Company, LLC ("ERC") in the above-referenced matter filed against it by Adam Fishbein on behalf of Plaintiff Avrohom Bluming and a putative class. We write in accordance with Section 2 of Your Honor's Individual Practice Rules to request a pre-motion conference for ERC to move for imposition of sanctions against Mr. Fishbein under Federal Rules of Civil Procedure 11 and 54.

    On June 15, 2018, Mr. Fishbein filed the Complaint in this action, which claimed that ERC violated the Fair Debt Collection Practices Act as a result of sending a letter dated June 15, 2017. Mr. Bluming claimed the letter falsely represented that consumers could only dispute accounts through U.S. Mail. To support this claim, Mr. Bluming alleged that the phone number contained in ERC's letter "refers only to payments"[1] even though the letter he attached to the complaint contained no such limitation. After ERC requested leave to file a motion to dismiss, Mr. Bluming filed a letter with the Court again stating that "although Defendant's letter includes a telephone number, that number refers only to payment-related communications" and used that false statement of fact to support his claim under Judge Tomlinson's opinion in *Vetrano v. CBE Group.*[2]

---

[1] Compl. (DE 1) at ¶ 14.

[2] Pl.'s Letter (DE 11) at 1 (*citing Vetrano v. CBE Grp., Inc.*, 2016 WL 4083384 (E.D.N.Y. Aug. 1, 2016)).

Honorable Frederic Block, U.S.D.J.
October 18, 2019
Page 2

     On November 19, 2018, after receipt of the letter from Mr. Fishbein referenced above, and after the Court set a pre-motion conference, ERC served Mr. Fishbein a notice of motion for sanctions under Federal Rule of Civil Procedure 11(b) and a memorandum of law in support of such motion.[3] The basis of this motion was the filing of the complaint containing demonstrably false factual allegations and the lack of any support for the legal claims presented. Consistent with the safe harbor procedures in Rule 11(c)(2), ERC served this motion, but did not file it, and instructed Mr. Fishbein that it would file the motion if he did not withdraw the complaint in 21 days, through December 10, 2018.

     Mr. Fishbein did not withdraw the Complaint and the parties appeared before the Court on December 11 for a pre-motion conference as to Plaintiff's request to add claims to the complaint and ERC's request to seek dismissal of all claims. The Court permitted Mr. Fishbein until December 26 to amend the complaint. Despite receiving leave to amend, Mr. Fishbein solely relied on the claim presented in the initial complaint.

     On January 24, ERC served a motion to dismiss the Complaint on the basis that the allegations in the Complaint concerning the purported limitation as to ERC's telephone number was clearly belied by the content of the letter itself and that the actual content of the letter could not support a claim under relevant authority.[4] Pursuant to the Court's Scheduling Order dated January 4, 2019, Mr. Bluming was required to respond to the motion to dismiss by February 22, 2019, however, Mr. Bluming did not file a response to ERC's motion to dismiss.

     The Court subsequently granted ERC's motion to dismiss in a three-page opinion finding that ERC's letter is not misleading. The Court further stated, "[a]dditionally, the letter provides a telephone number to hear disputes. The Complaint alleges that the number 'refers only to payments,' but the letter contains no such limitation."[5]

     Federal Rule of Civil Procedure 11 provides that an attorney's signature on any paper filed or served in a federal court action is a representation that the signing attorney has conducted a reasonable investigation into the factual contentions asserted therein and that they

---

[3] A copy of ERC's November 19, 2018, Certificate of Service evidencing service of the Rule 11 motion and memorandum is enclosed herewith. ERC is not enclosing the memorandum of law in support of the motion so as to comply with the Court's rule to not file any memorandum of law until directed by the Court. To the extent the Court would like to review the motion and memorandum in advance of a pre-motion conference, ERC will provide a copy.

[4] Mot. to Dismiss (DE 16); Memo. of Law (DE 17).

[5] Order (DE 20) at 3.

Honorable Frederic Block, U.S.D.J.
October 18, 2019
Page 3

have evidentiary support and that the legal contentions are warranted by existing law or a good faith argument for extending such law.[6]

Following service of ERC's Rule 11 motion to plaintiff on November 19, 2018, ERC incurred $12,085.42 in attorneys' fees and $1,302.06 in costs to present its motion to dismiss, arguing the same infirmity as highlighted in its Rule 11 motion, which ultimately formed the basis for the Court's ruling dismissing the class action complaint. Based on the fact that the entire claim Mr. Bluming presented was based on a misstatement of fact—contradicted by the very exhibit attached to the complaint by the Plaintiff—it is clear Mr. Fishbein did not conduct the reasonable investigation into the facts supporting the complaint before filing it, as required by Rule 11. Additionally, as ERC highlighted the inconsistency to Mr. Fishbein on multiple occasions[7], and he continued to make false representations to the Court concerning the language of the letter sued upon, it is clear that he acted willfully in this regard.

Moreover, as Mr. Bluming did not respond to ERC's Motion to Dismiss, it cannot be said that Mr. Fishbein possessed a good faith argument that the law should be extended to support claims based on the actual content of ERC's letter.

Accordingly, ERC respectfully requests the Court to set a pre-motion conference for ERC to seek leave to move the Court for sanctions pursuant to Federal Rules of Civil Procedure 11 and 54, for ERC to seek to recover the $13,388.06 it has spent thus far after serving its motion for sanctions, as well as any additional amounts necessary for it to secure its award of fees in this matter.

Respectfully submitted,

*Scott S. Gallagher*

Scott Gallagher

Enclosure

cc:   Adam J. Fishbein, Esq. (*via CM/ECF*)

---

[6] Fed. R. Civ. P. 11(b)(2)-(3).

[7] On October 3, 2018, more than six weeks before serving the Rule 11 motion, counsel for ERC sent Mr. Fishbein a four page letter, providing a detailed analysis of the facts and authority which precluded the Plaintiff's claim, as plead. In the conclusion of the letter, ERC gave notice that it intended to serve a Rule 11 motion if the claim was not properly withdrawn. Thus, Plaintiff's counsel has had ample notice and opportunity to avoid the sanctions now being sought by ERC.